# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Ray Edward Wells,** ) | Case No. 2:16-cv-1060-TMC-MGB |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **SCDF Warden Larry W. Powers, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

This is a civil action filed by Ray Edward Wells ("Plaintiff"), a *pro se* (non-prisoner) litigant who is proceeding *in forma pauperis* ("IFP"). Plaintiff is a former state prisoner but was not incarcerated when he filed this civil action. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), pretrial matters involving *pro se* litigants are referred to the assigned United States Magistrate Judge for consideration. After careful review, the Magistrate Judge recommends that this action is a duplicate of a previously-adjudicated case, and therefore, should be **summarily dismissed** with prejudice, and without issuance and service of process, for the following reasons:

**I. Background**

    **A. Prior Case No. 8:10–1490–CMC-BHH**

On June 10, 2010, Plaintiff filed a lawsuit against various defendants, including Warden Larry W. Powers, Nurse Susan Blackwell, "Spartanburg County Detention Facility Employees,"

and "Medical Staff."[1] *See Wells v. Spartanburg Cty. Detention Ctr. Facility Employees, et al.*, Case No. 8:10–1490–CMC. Plaintiff asserted a claim of deliberate indifference regarding medical treatment for "pains" in his legs that allegedly caused him to fall on May 26, 2010. (*Id.*, DE# 1 at 5). The Court observed that "Plaintiff has not established that he suffers from any serious medical need," that Plaintiff "had been seen [by medical personnel] on several occasions and had been given medications on a routine basis," and that Plaintiff had "failed to state a cognizable claim under § 1983." (*Id.*, DE# 119 at 6-7, Report and Recommendation). The Court adopted the Report and Recommendation, granted summary judgment to the Defendants, and dismissed the case with prejudice. (*Id.*, DE# 132 at 4, Order of 1/12/2011). The Fourth Circuit Court of Appeals dismissed the appeal.

### B. Prior Case No. 2:10–cv–3111–CMC–BHH

On December 10, 2010, Plaintiff filed another case against the same defendants (and others), again asserting a claim of deliberate indifference regarding the same fall in May 2010 and adding a claim about boils he subsequently developed on his leg in 2011. *See Wells v. Powers,* No. 2:10–cv–03111–CMC–BHH, 2012 WL 652608, *1 (D.S.C. Feb. 3, 2012), *adopted by* 2012 WL 652555, (D.S.C. Feb. 28, 2012). The Court observed that:

> At the time relevant to the instant case, Plaintiff was a pretrial detainee housed at Spartanburg County Detention Facility ("SCDF"). It is unclear from a reading of Plaintiff's … Amended Complaints exactly what Plaintiff alleges to have occurred as well as when, though it is clear that the instant case is one for deliberate indifference to a serious medical need.… It is also possible that Plaintiff is attempting to assert a claim for "unsafe conditions" at SCDF.….. Plaintiff alleges he was injured on "5–26–10 and 10–25–10 and also 12–5–10" but "receive[d] no medical care or treatment" even though he requested it.

---

[1] The "Spartanburg County Detention Facility Employees" and "Medical Staff" were dismissed as defendants because such collective terms do not describe a proper party.

Page **2** of **11**

The Court further observed that according to the medical records, boils had appeared on Wells' leg in January of 2011, and that:

> In January of 2011, Wells was examined by the medical staff at the SCDF regarding a red knot on his left leg. He was prescribed Bactrim, an antibiotic, in an effort to remedy this medical problem. Later that same month, Wells' right leg became swollen. He was transported to the Spartanburg Regional Medical Center for evaluation and treatment. A boil was noted on his leg and was cultured. He was returned to the SCDF with instructions to complete the Bactrim previously prescribed. The culture from Wells' leg contained Methicillin Resistant Staphylococous Aureus (MRSA or Staph). Staph is a type of bacteria that can get into the small glands or hair follicles in the skin and form a pus pocket. Staph bacteria can also live harmlessly on many skin surfaces, especially around the nose, mouth, and genitals. The nose is the most common entryway for many germs including colds, virus, as well as staph. As shown by the attached medical records, Wells was provided treatment for his staph infection. (Exhibit A). Unfortunately, MRSA infections can be difficult to resolve. Wells had several other boils that had to be treated by the medical staff of the SCDF as well as the Spartanburg Regional Medical Center. Despite his claims, Wells' bandages were routinely changed and proper medical care was provided.

*Wells*, 2012 WL 652608, *4.

The Court held that Plaintiff's claim regarding his fall on May 26, 2010 was barred by res judicata. The Court granted summary judgment in the defendants' favor on Plaintiff's remaining claim for deliberate indifference to a serious medical condition in 2010-2011, including the allegations regarding boils on Plaintiff's leg. *Id*. The Court observed that "the undisputed evidence reveals that Plaintiff was examined by the medical staff at the SCDF regarding a red knot on his left leg in January of 2011…was prescribed Bactrim, an anti-biotic….[and] was transported to Spartanburg Regional Medical Center … for treatment." The Court concluded that "[a]lthough Plaintiff was not satisfied with the treatment he received for his staph infections … such disagreement does not amount to deliberate indifference." *Id*. at 8.

### C. Present Case No. 2:16-cv-1060-TMC-MGB

On April 5, 2016 (after his release from prison), Plaintiff filed the present lawsuit pursuant to 42 U.S.C. § 1983 against Warden Powers, Nurse Blackwell, and Dr. Bianco.[2] Although his allegations are difficult to follow, the gist of the Amended Complaint (DE# 23) is that Plaintiff is again complaining about contracting boils on his legs while he was a pre-trial detainee. He alleges that the boils continued after he was transferred from the detention center to state prison. He complains that the medicine he received did not cure his boils, and that three incisions for those boils left him with scars. Plaintiff sues them for "cruel and unusual punishment damages and injuries continuance contuing (sic) unsafe environment." (*Id*., ¶ II B). For relief, Plaintiff seeks a "settlement" of $15,000,000.00 in damages and asks the Court to fire "Warden Wright" from his job. (DE# 23-1 at 8).[3]

Plaintiff is not specific about the time frame of his allegations, but indicates that "the boils was contart (sic) at the S.C.D.F." while he was a pretrial detainee. (DE# 23 at 5, Amended Complaint). Plaintiff alleges he started "getting boils" on his legs while detained at the SCDF awaiting trial on criminal charges. He complained that he did not have boils when he was first detained and complained of his treatment for the boils. He claims this subjected him to "cruel and unusual punishment." (*Id*. at 4). He indicates he "do (sic) not remember" when the events giving rise to his claim occurred. (*Id.* at 5).

---

[2] Plaintiff again attempted to sue "SCDF Medical Staff," but as the Court had previously informed Plaintiff, such collective term does not describe a proper party.

[3] Plaintiff's Amended Complaint names Warden Larry Powers as a defendant, but Plaintiff asks the Court to have "Warden Chuck Wright" fired from his job. Wright is not a defendant in this action. Wright is not a state prison warden, rather, he is the Sheriff of Spartanburg County, South Carolina.

Page **4** of **11**

In his own words, Plaintiff states:

> the Plaintiff this civil action represent a tangle of views from continuance continuing sores, sores, incisions, abscesses, aches, pains, boils, infections, some medicines, viruses, negligences, fears, lots of incapacity and lots of infliction of pains and suffering and no antiseptic that could had (sic) prevented the infection or infections, dirt and lots of dereliction from the SCDF Defendant Employees in this civil action.

(DE# 23 at 6, ¶ V). He wants a trial and $15,000,000.00 in damages. (*Id.*, ¶ VI).

## II. Standard of Review

### A. Liberal Construction

*Pro se* pleadings are liberally construed and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed. *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore *a pro se* plaintiff's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) *cert. denied*, 475 U.S. 1088 (1986).

### B. No Screening Under 28 U.S.C. §§ 1915, 1915A

Plaintiff was not a prisoner when he filed this case. Pre-screening under 28 U.S.C. §§ 1915 and 1915A applies to cases brought by prisoners and is not applicable in non-prisoner cases, such as the present one. *See e.g., Chong Su Yi v. Social Sec. Admin.*, 554 F.App'x 247 (4th Cir. 2014);

*Mayhew v. Duffy*, Case No. 2:14–cv–24–RMG-BM, 2014 WL 468938, *1 (D.S.C. Feb. 4, 2014). Therefore, the Magistrate Judge is not reviewing pursuant to 28 U.S.C. §§ 1915, 1915A.

### C. Screening Under § 1915(e)(2)

Pre-screening under 28 U.S.C. § 1915(e)(2) applies to cases brought by litigants, such as Plaintiff, who are proceeding IFP. *See, e.g., Chase v. Greenville Tech. College,* Case No. 6:12–3376–TMC–KFM, 2012 WL 6808967 (D.S.C. Dec. 13, 2012), *adopted by* 2013 WL 85161 (D.S.C. Jan. 8, 2013); *Bardes v. Magera*, Case No. 2:08–487–PMD–RSC, 2008 WL 2627134, *8–10 (D.S.C. June 25, 2008)). Therefore, the Magistrate Judge is reviewing pursuant to 28 U.S.C. § 1915(e)(2). Such statute provides that "the court shall dismiss the case at any time if the court determines that the action … (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i-iii).

### D. Inherent Authority to Dismiss Frivolous Case

Additionally, the United States Supreme Court has observed that federal district courts possess inherent authority to dismiss a frivolous case. *See Mallard v. United States District Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *see also Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974) (holding that federal district courts may dismiss claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit").

Consistent with such authority, the Fourth Circuit Court of Appeals has held that "frivolous complaints are subject to summary dismissal pursuant to the inherent authority of the court." *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. Aug. 22, 2012); *and see, e.g., Cabbill v. United States*,

Case No. 1:14-cv-4122-JMC-PJG, 2015 WL 6905072, *5 (D.S.C. Nov. 9, 2015) (same), *appeal dism'd*, 2016 WL 1085106 (4th Cir. Mar. 21, 2016); *Anderson v. Patterson,* Case No. 6:16-761-MGL-JDA, 2016 WL 1743095 (D.S.C. April 12, 2016), *adopted by* 2016 WL 1732763 (D.S.C. May 2, 2016). "A suit is frivolous if it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009).

Therefore, in addition to pre-screening under 28 U.S.C. § 1915(e)(2), the present Complaint is also subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous. *See e.g., Carter v. Ervin*, Case No. 0:14–cv–00865–TLW-PJG, 2014 WL 2468351, *3 (D.S.C. June 2, 2014), *appeal dismissed,* 585 F.App'x 98 (4th Cir. 2014); *Mayhew*, 2014 WL 468938 at *1, fn.1 (exercising inherent authority to summarily dismiss a frivolous case).

## IV.  Discussion

### A.  Plaintiff May Not Relitigate Previously-Adjudicated Claims

In his Amended Complaint, the *pro se* Plaintiff asserts the same facts and the same cause of action that he previously litigated unsuccessfully. This Court granted summary judgment and dismissed the previous case with prejudice. *See Wells v. Powers,* No. 2:10–cv–03111–CMC–BHH, 2012 WL 652608, *1 (D.S.C. Feb. 3, 2012), *adopted by* 2012 WL 652555, (D.S.C. Feb. 28, 2012). Plaintiff has now re-filed the same allegations against the same three defendants.

Although Plaintiff checked "No" in response to the question "Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?" (DE# 23 at 10), the record plainly reflects that Plaintiff did in fact file a previous lawsuit concerning his medical treatment for the same leg boils that Plaintiff indicates he contracted while he was a pretrial detainee. Review of the record reflects that the Plaintiff's present action is the same in all pertinent

respects as the prior action cited above. Such prior case involved the same claims against the same parties and was finally adjudicated on the merits. Plaintiff's claim is barred by res judicata.

The Fourth Circuit Court of Appeals has emphasized that:

> The doctrine of res judicata " 'is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts...' " *Federated Department Stores*, 452 U.S. at 401, 101 S.Ct. at 2429, *quoting Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299, 37 S.Ct. 506, 508, 61 L.Ed. 1148 (1917).

*Shoup v. Bell & Howell Co.,* 872 F.2d 1178, 1182 (4th Cir. 1989). "Claim preclusion promotes economy in the use of judicial resources and finality in litigation." *Id*. (citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 400–01 (1981) and *Nevada v. United States*, 463 U.S. 110, 129–30 (1983)). It "rests on a determination that justice is better served by attributing finality to judgments ... than by second efforts at improved results." *Id.* (citing 18 Wright, Miller & Cooper, supra, at § 4415). Three criteria must be met: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996). Plaintiff had full opportunity to litigate the evidence in the previous case and is precluded from challenging such evidence and ruling here. *See, e.g., Moore v. Byars*, Case No. 4:13–cv–2454–RMG-TER, 2013 WL 6710273, *3 (D.S.C. Dec.18, 2013) (observing that plaintiff was merely seeking "a different result in a case that was previously fully litigated, considered, and decided on the merits" and that this was "barred by the doctrine of res judicata").

The present action is a duplicate of the prior lawsuit. All three criteria for application of res judicata are satisfied. First, a final judgment has been entered against Plaintiff on the merits in Case No. 2:10-cv-3111. The judgment in that case is final. Second, the factual allegations

contained in the present complaint are essentially the same as such prior case. Third, Plaintiff is attempting to sue the same parties as before. Plaintiff's claims have been fully adjudicated and may not be re-litigated. Plaintiff may not "appeal" the results of a federal district court decision by filing another federal case in an attempt at "another bite of the apple." The present law suit should be summarily dismissed as frivolous. *See Brown v. South Carolina*, Case No. 3:13–2983–MBS-PJG, 2014 WL 4826152 (D.S.C. Sept. 24, 2014) (determining that because *pro se* litigant had filed another case reasserting the same claims against the same parties as in a prior case, "all three elements of res judicata have been met, subjecting Plaintiff's action to summary dismissal as frivolous"), *aff'd,* 589 F.App'x 190 (4th Cir. 2015).

The Fourth Circuit Court of Appeals has repeatedly held that "district courts are not required to entertain duplicative or redundant lawsuits." *Cottle v. Bell*, No. 00–6367, 2000 WL 1144623, *1 (4th Cir. Aug.14, 2000); *see also Southern Holdings, Inc. v. Horry Cty., South Carolina,* Case No. 4:02-1859-RBH, 2014 WL 11071017, *6 (D.S.C. June 11, 2014) ("the many previous grounds argued and ruled on in previous orders and upheld on appeal lack merit and are simply duplicative"); *Paul v. de Holczer*, Case No. 3:15–2178–CMC–PJG, 2015 WL 4545974, *6 (D.S.C. July 28, 2015) (holding that "repetitious litigation of virtually identical causes of action" may be dismissed as frivolous), *affirmed by* 631 F.App'x 197 (4th Cir. Feb. 4, 2016); *MacKinnon v. City of N.Y.*, 580 F.App'x 44 (2d Cir. 2014) ("[w]e have regularly upheld a district court's authority to dismiss *sua sponte* a *pro se* complaint on *res judicata* grounds"), *cert. denied*, 135 S.Ct. 2316 (2015).

Moreover, the *pro se* Plaintiff seeks relief that is not available or appropriate. For example, he asks the Court to fire "Warden Wright" from his job. This Court does not have authority to terminate the employment of state employees. Plaintiff's demand that this Court remove such

individual from public office is factually and legally baseless, and therefore is "frivolous." *Nietzke*, 490 U.S. at 319; *Denton*, 504 U.S. at 31.

Therefore, this duplicate lawsuit is subject to summary dismissal. *See Wilkins v. Harley*, Case No. 6:11-cv-3463-MBS-KFM, 2012 WL 256566, *2 (D.S.C. Jan. 12, 2012) ("this duplicate § 1983 Complaint is frivolous and subject to summary dismissal"), *adopted by* 2012 WL 260159 (D.S.C., Jan. 27, 2012); *Paul*, 2015 WL 4545974, *6 ("the instant Complaint should be summarily dismissed as a frivolous duplicate filing in the interest of judicial economy and efficiency"); *Preacely v. City of N.Y.*, 622 F.App'x 14 (2d Cir. 2015) (affirming *sua sponte* dismissal of Complaint as frivolous and barred by res judicata).

### B. Plaintiff's § 1983 Claims is Time-Barred

Additionally, Plaintiff's § 1983 claim about his medical care while he was a pretrial detainee and/or prisoner also appears to be time-barred. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006) (a court may consider the statute of limitations *sua sponte* when reviewing a complaint filed *in forma pauperis*). The United States Supreme Court has held that because there is no federal statute of limitations for § 1983 actions, the analogous state statute governing personal injury actions applies. *Wilson v. Garcia*, 471 U.S. 261, 265-66, 280 (1985) (holding that the appropriate statute of limitations for § 1983 action was "the 3–year statute applicable to personal injury actions"); *Owens v. Okure*, 488 U.S. 235, 240-41(1989) ("a State's personal injury statute of limitations should be applied to all § 1983 claims"). In South Carolina, the statute of limitations for personal injury actions is three years. S.C. Code Ann. § 15-3-530(5) (Law. Co-op. Supp. 1992).

Plaintiff alleges, and the record reflects, that Plaintiff developed leg boils in 2011 while he was a pretrial detainee. (DE# 23-1 at 2, indicating that he developed boils "more than three times

Page **10** of **11**

when the Plaintiff was a pre-trial detainee"). Plaintiff's 2016 case based on such occurrence would be untimely by several years. This deficiency in Plaintiff's Complaint cannot be remedied through more specific pleading. *Adams v. Rice*, 40 F.3d 72, 76 n.1 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995).

## V.    Recommendation

Accordingly, the Magistrate Judge recommends that the Amended Complaint (DE# 23) be **summarily dismissed** with prejudice, and without issuance and service of process.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 12, 2016
Charleston, South Carolina

Petitioner's attention is directed to the **IMPORTANT NOTICE** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).